```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
HABITAT FOR HORSES, et al.,          :

          Plaintiffs,               :   10 Civ. 7684 (WHP)

     -against-                     :   ORDER

KEN SALAZAR, et al.,                 :

          Defendants.               :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

       By letter dated October 16, 2010, Plaintiffs renewed their application for a temporary restraining order that Defendants cease the removal of horses from the North Piceance Herd Area and restore any horses which have been removed. On Sunday, October 17, this Court held an emergency telephone conference with counsel for all parties and denied Plaintiffs' application. This Order reiterates the Court's ruling and is being placed on the docket for convenient reference by the parties.

       "[A] temporary restraining order serves a purpose different from that of a preliminary injunction." Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 107 (2d Cir. 2009). That purpose is simply to "preserve an existing situation in statu quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." Garcia, 561 F.3d at 107. As such, a showing of probable irreparable harm is "the single most important prerequisite" for the issuance of a temporary restraining order and "a moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered." Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990).

       Plaintiffs premise their renewed motion on two horse deaths on Friday, October 15 that, while part of the gather, did not occur in the North Piceance Herd Area. Together with

1

the horse death on Thursday, October 14, these three deaths amount to approximately a 7% mortality rate during the gather. Plaintiffs argue that this development shifts the hardships borne by the parties and constitutes irreparable injury. Courts considering this issue have observed that some deaths are inevitable in any gather of wild animals. In Def. of Animals v. U.S. Dep't of the Interior, --- F. Supp. 2d ----, 2010 WL 3128396, at *10 (E.D. Cal. Aug. 9, 2010). In the event this Court grants a preliminary injunction, the wild horse population of the North Piceance Herd Area will be returned. Since there is no "enforceable right to observe a particular number of animals," fatalities in the course of a gather do not constitute irreparable injury where most animals can be restored. See In Def. of Animals, 2010 WL 3128396, at *10.

Further, because removal under the Wild Free-Roaming Horses and Burros Act has been "consistently used to refer to the permanent separation of horses from a given area," the temporary separation of horses from the North Piceance Herd Area pending this Court's ruling on the preliminary injunction application does not impair Plaintiffs' rights under the statute. In Def. of Animals v. Salazar, 675 F. Supp. 2d 89, 97 (D.D.C. 2009). Under these circumstances, Plaintiffs have not shown a likely threat of irreparable harm. Accordingly, their renewed application for a temporary restraining order is denied.

Dated:   October 18, 2010
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Bruce A. Wagman, Esq.
Schiff Hardin LLP
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105

Thomas P. Battistoni, Esq.
Schiff Hardin LLP
900 Third Avenue
New York, NY 10022
*Counsel for Plaintiffs*

Amy A. Barcelo, Esq.
Assistant United States Attorney
U.S. Attorney's Office, SDNY
86 Chambers Street, 3rd Floor
New York, NY 10007
*Counsel for Defendants*