U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/2/2010

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

November 29, 2010

**BY HAND**
The Honorable William H. Pauley III
United States District Judge
United States District Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

        Re:  *Habitat for Horses et al. v. Salazar et al.*,
            10 Civ. 7684 (WHP)

Dear Judge Pauley:

      This Office represents Ken Salazar, Secretary of the U.S. Department of the Interior ("DOI"), Robert Abbey, Director of the Bureau of Land Management ("BLM"), and Kent Walter, Field Manager, BLM, White River Field Office (collectively, the "Government"), in the above-referenced action. Plaintiffs brings this challenge under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, alleging violations by the Government of the Wild Free-Roaming Horses and Burros Act of 1971 (the "Wild Horses Act"), 16 U.S.C. § 1331 et seq., the Information Quality Act ("IQA"), Pub. L. 106-554 § 515, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the Federal Land Policy Management Act ("FLPMA"), 42 U.S.C. § 1701 et seq., and the regulations promulgated there under (collectively, the "Federal Laws").

      I am writing respectfully to request a pre-motion conference in connection with a proposed motion to dismiss the majority of plaintiffs' claims in this action pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and for partial summary judgment pursuant to Rule 56 on plaintiffs' remaining claim pursuant to NEPA regarding a BLM categorical exclusion. The Government respectfully requests that the pre-motion conference be held in conjunction with the status conference in this action currently scheduled for December 17, 2010 at noon.

    **A. No Subject Matter Jurisdiction Exists Over Plaintiffs' Challenge to the Gather, Which is Now Moot**

      The complaint's challenge to the Government's September 10, 2010 decision to gather and remove 138 excess horses located in Colorado, including 60 wild horses in an area known as the North Piceance Heard Area (the "Gather") should be dismissed as moot pursuant to Rule 12(b)(1). See U.S. Const. Art. III, § 2 (limiting jurisdiction of federal courts to actual "cases" or "controversies"). The Gather began on October 11, 2010, and ended on October 22, 2010. On the morning of October 23, 2010, the horses

---

*Handwritten:* Application granted. This Court will hold a pre-motion conference in conjunction with the status conference scheduled for December 17, 2010 at 12:00 p.m.

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III U.S.D.J.
12/2/2010

Hon. William H. Pauley III
November 29, 2010
Page 2

that BLM had removed from the North Piceance Herd Area during the Gather were transported to a BLM holding facility located in Canon, City, Colorado. Because the Gather has been completed and cannot be undone, plaintiffs' challenge to the Gather is moot. See Fund for Animals v. U.S. Bureau of Land Mgmt., 460 F.3d 13, 22 (D.C. Cir. 2006) (after a gather pursuant to the Wild Horses Act was complete, plaintiffs' challenge to the gather was moot because it was "impossible for the court to grant any effectual relief whatever") (citations omitted); In Defense of Animals v. Salazar, 09-2222 (PLF), 2010 WL 2076921, at *3 (D.D.C. May 24, 2010) (where gather pursuant to the Wild Horses Act had already taken place, plaintiff's challenge to the gather was moot).

Plaintiffs' claims regarding the Gather do not fall within the "capable of repetition yet evading review" exception to the mootness doctrine. As an initial matter, that exception does not apply because plaintiffs did not seek emergency relief from the Second Circuit after this Court's denial of their request for a preliminary injunction and prior to conclusion of the Gather. In Defense of Animals v. Salazar, 2010 WL 2076921, at *3 (D.D.C. 2010) (capable of repetition yet evading review exception to mootness doctrine unavailable to plaintiffs after BLM horse gather was completed because plaintiffs "had the opportunity to pursue further review of the legality of the proposed gather by appealing this Court's decision denying their motion for a preliminary injunction," but did not do so). Moreover, the D.C. Circuit has rejected the application of the "capable of repetition yet evading review" exception to mootness in the context of wild horse gathers because "[p]articular decisions to remove wild horses and burros are highly fact-specific" and therefore do not fall under an exception to the mootness doctrine. Fund for Animals, 460 F.3d at 22.

### B. Plaintiffs' Programmatic Attack Fails to State A Claim

Plaintiffs' purported "pattern and practice" claims pursuant to the APA should likewise be dismissed pursuant to Rule 12(b)(6). As the Supreme Court recognized in Lujan v. National Wildlife Federation, 497 U.S. 871 (1990), the APA provides a basis for court review of agency action "only when, and to the extent that, a specific 'final agency action' has an actual or immediately threatened effect." 497 U.S at 894. Other courts have properly applied Lujan's holding to reject attempts by plaintiffs to bring broad programmatic challenges to BLM's policies and practices regarding wild horse gathers, like the "pattern and practice" claim plaintiffs purport to bring here. See Fund for Animals, 460 F.3d at 18-20 (action pursuant to the Wild Horses Act and NEPA to enjoin BLM from continuing to implement certain policies with respect to removals of wild horses properly dismissed because the APA only provides for review of final agency action and "[t]he federal courts are not authorized to review agency policy choices in the abstract"); Fund for Animals v. U.S. Bureau of Land Management, 357 F. Supp. 2d 225, 229 (D.D.C. 2004) (rejecting APA challenge to BLM policies because "[t]he Supreme

Hon. William H. Pauley III
November 29, 2010
Page 3

Court made clear in [Lujan], that the final agency action requirement of the APA bars federal jurisdiction over suits for broad programmatic relief.").[1]

### C. The Government is Entitled to Summary Judgment on Plaintiffs' NEPA Categorical Exclusion Claim

Finally, the Court should grant summary judgment to the Government on plaintiffs' challenge to BLM's categorical exclusion pursuant to NEPA, because as a factual matter the allegation contained in paragraph 93 of the complaint is inaccurate, and the Government did not apply a categorical exclusion to the processing of the horses removed from the North Piceance Herd Area in the Gather.

Thank you for your consideration of this matter.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
AMY A. BARCELO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.   (212) 637-6559
Fax   (212) 637-2730

cc: Thomas P. Battistoni, Bruce A. Wagman, Valerie J. Stanley, *counsel for Plaintiffs*
(by electronic mail)

---

[1] Plaintiffs' claims purportedly brought pursuant to the IQA should also be dismissed pursuant to Rule 12(b)(6) for the independent reason that every federal court to have considered whether a private right of action exists pursuant to the IQA has rejected such a claim. See, e.g., Salt Inst. v. Thompson, 345 F. Supp. 2d 589, 601 (E.D. Va. 2004) (finding that "[t]he language of the IQA reflects Congress's intent that any challenges to the quality of information disseminated by federal agencies should take place in administrative proceedings before federal agencies and not in the courts"), aff'd, 440 F.3d 156, 159 (4th Cir. 2006); Haas v. Gutierrez, No. 07-3623 (GBD), 2008 WL 2566634, *6 (S.D.N.Y. June 26, 2008) (same); Wood ex rel. U.S. v. Applied Research Associates, Inc., 2008 WL 2566728, at *6 (S.D.N.Y. Jun. 26, 2008), aff'd, 328 Fed. Appx. 744 (2d Cir. 2009), cert. denied, 130 S. Ct. 1285 (2010); Morgan ex rel. U.S. v. Science Applications Int'l Corp., No. 07-4612-GBO, 2008 WL 2566747, at *6 (S.D.N.Y. Jun. 26, 2008) (same).